

777 Westchester Ave, Suite 101
White Plains, New York 10604
(O) (914) 218-6190
(F) (914) 206-4176
www.ElHaglaw.com
Jordan@Elhaglaw.com

*The Firm that Fights for Workers' Rights!*

April 13, 2021

<u>Via ECF</u>

Hon. Cathy Siebel
United States District Court Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

**Re: Letter re. denial of FLSA settlement**
    **CASE NAME:** Hernandez v. Zino, et. al.
    **Case No.** 7:20-cv-10284-CS

Dear Judge Siebel,

My office represents the Plaintiff in the above referenced matter. I am submitting this letter in response to your April 13, 2021, Order denying the approval of the Parties FLSA/NYLL settlement agreement because the Court considered the attorney fees excessive.

I am submitting this letter asking that you reconsider your decision because there are no attorney fees being awarded under the settlement, and therefore I believe that your denial was made in error.

As was outlined in the Parties initial request for approval, the Parties are responsible for their own attorney fees. There is no statutory award of attorney fees sought by Plaintiff. The payment under the settlement agreement is the Plaintiff's contractual obligation to my law firm for service rendered. Under the contingency agreement, the Plaintiff agreed to pay my firm a 1/3 contingency on the gross fee recovered in addition to costs and expenses incurred. As I am sure the Court is aware, a 1/3 contingency fee is standard in the field.

The Second Circuit has made clear that contingency arrangements should be honored. The U.S. Court of Appeals for the Second Circuit recognized that a contingency fee is not an attorney fee award, but it is a contract to pay an attorney as agreed upon by the client and attorney. "A contingent fee retainer contract is the freely negotiated expression both of a client's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment. Courts should seek to enforce the parties' intentions in a contingent fee agreement, as with any contract and be reluctant to disturb contingent fee arrangements freely entered into by knowledgeable and competent parties."

*Alderman v. Pan Am World Airways*, 169 F.3d 99, 103-4 (2d Cir. 1999). And, although "Courts have broad authority to refuse to enforce contingent fee arrangements that award fees that exceed a reasonable amount… [ ] a court should seek to enforce the parties' intentions in a contingent fee agreement, as with any contract." *Id, at* 102-103 [2d Cir 1999].

      My practice is limited to representing low income working men and women. I do not have a practice where I can charge hourly rates to my employees like large defense firms and management attorneys. It is virtually impossible for me to operate a thriving practice with the ongoing uncertainty of having fees reduced because we secure a favorable outcome for our clients. I get to take all the risk and "eat" the losses, but on the occasions when the balancing cases result in a favorable outcome I have to take a reduced fee. The net result of this, is that in order to litigate on behalf of all employment plaintiffs, I now have to increase my overall contingency rate to a much higher percentage to account for this continued reduction of fees on successful FLSA cases. This is a very bad policy for the Court to enforce. I charge a standard 1/3 on all cases across the board, everyone is treated differently. However, the Court is disrupting the market by not honoring the contract structure in FLSA cases.

      The trend for the Court to cut attorney fees in FLSA cases is causing harm to the Plaintiff's bar and to putative plaintiffs. Just yesterday, I lost a case in arbitration that I litigated for several years. I expended considerable time and money into the case and failed to prevail. No one is compensating me for the risk that I took in that case. It is easy to look at a case that settles reasonably favorably at the outset and to determine that the fees seem excessive, but that does not address the realities of a practice that is aimed at helping low wage workers. There are very little cases that will produce a sizeable recovery with low wage workers because individually, they just have such low earning power (minimum hourly wage rates). Without the ability to properly value cases and estimate potential revenues, helping this socioeconomic group becomes a highly risky endeavor, which is not really the aim of the FLSA (a statute designed to help the most vulnerable).

      This trend to cut all fees down also fails to consider the fact that the FLSA is not the only claim being released. Under the NYLL there is no such requirement for review of attorney fees or the invalidation of contingency fee contracts. As such, the Court may find the FLSA portion of the fees excessive, however, the difference can be attributed under the NYLL. There is nothing in *Cheeks* or its progeny that would grant federal courts the authority to invalidate client retainer agreements under the New York State contract law.

      My client agreed to this structure and the payout. He is not considered a prevailing plaintiff and I have not made an application for attorney fees. As such, I believe that the money being paid out as set forth in the Settlement Agreement complies with *Cheeks*, and I respectfully ask that you reconsider your decision to deny the approval.

Respectfully Submitted,

By: _/s/ Jordan El-Hag_
Jordan El-Hag, Esq.

2