

777 Westchester Ave, Suite 101
White Plains, New York 10604
(O) (914) 218-6190
(F) (914) 206-4176
www.ElHaglaw.com
Jordan@Elhaglaw.com

*The Firm that Fights for Workers' Rights!*

May 11, 2021

<u>Via ECF</u>

Hon. Cathy Siebel
United States District Court Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

**Re: Request for FLSA Settlement Approval**
**CASE NAME:** Hernandez v. Zino, et. al.

**Case No.**  7:20-cv-10284-CS

Dear Judge Siebel,

Please accept this letter in response to the Court's May 10, 2021 Order (ECF No. 16). The Parties have conferred and find the Court's proposed solution to finalizing the *Cheeks* approval satisfactory. Specifically, the Parties hereby agree to modify paragraph 4 of the NYLL settlement agreement reads as follows:

    4.    <u>Release and Waiver of Claims</u>.

    (a)    In consideration of the Payment, Employee, on Employee's behalf and on behalf of Releasor, unconditionally releases the Zino Parties, both individually and collectively, as well as, in their respective capacities as such, each of the Zino Parties' current and former owners, principals, founders, officers, directors, partners, executives, investors, advisors, parents, affiliates, subsidiaries, related entities, interested parties, consultants, agents, managers and employees (each, as applicable), and the heirs, executors, administrators, successors, and assigns of all of the foregoing, including, without limitation, Zino Nurseries and Landscaping, Inc. and Robert Covino (collectively, "Releasees"), from or in connection with, and Employee hereby waives and/or settles, with prejudice, any and all wage and hour causes of action, suits, controversies, charges, liability, claims, or demands, known or unknown under the Fair Labor Standards Act and New York Labor Law, which Employee ever had, now has, or shall or may have against Releasees as of the date of Employee's execution of this Agreement, which are set forth in, or relate in any manner to any and all allegations or claims set forth in, the Action.

(b)     Employee expressly understands and acknowledges that it is possible that unknown losses or claims exist or that their claims set forth in the Action may have been underestimated in amount or severity, and Employee explicitly took that into account in determining the amount of consideration to be paid for the giving of this Agreement, and a portion of said consideration and the mutual covenants were given in exchange for a full satisfaction and discharge of such wage and hour claims.

If the Court finds this letter acceptable, the Parties ask that the Court issue an Order approving the settlement. We sincerely thank the Court for its time and consideration in this matter.

Respectfully submitted,

*Jordan El-Hag*

Jordan El-Hag, Esq.
Counsel for Plaintiff